IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                              CASE NO. 4:11CR00190-03 BSM

MANUEL MALDONADO AGUILAR                                                       DEFENDANT

ORDER

Defendant Manuel Maldonado Aguilar's motion to vacate the guilty plea entered on March 12, 2012 [Doc. No. 86] is granted. On March 12, 2012, Maldonado entered a plea of guilty to count 1 of the superseding indictment of March 7, 2012 [Doc. No. 60], that charged him with conspiracy to possess with intent to distribute at least 50 grams of methamphetamine in violation of 21 §§ 841(a), (b)(1)(A), and 846. Before sentencing, Maldonado moved to vacate his guilty plea, arguing that he unwillingly entered the plea because of duress exerted on him by his lawyer and on his family by the government. He further states that he has always maintained his innocence but that he lied to the court when he entered his guilty plea.

Prior to sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). Maldonado bears the burden of proving why withdrawal of his guilty should be permitted. *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). The "fair and just" standard is a liberal standard, but it does not create an automatic right to withdraw a plea. *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996).

Maldonado's motion to vacate the guilty plea [Doc. No. 86] is granted for the reasons articulated from the bench during the July 2, 2012, hearing. Furthermore, the undersigned consents to the United States taking this issue up on interlocutory appeal.

IT IS SO ORDERED this 3rd day of July 2012.

_____
UNITED STATES DISTRICT JUDGE